UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION




* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LLOYD GOINGS, an individual, Plaintiff, | * | CIV 04-4028 |
| vs. | * | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, Lloyd Goings, brought this action pursuant to the Federal Tort Claims Act, alleging negligence of the Department of Veteran Affairs (V.A.) in losing years of Plaintiff's medical records. In reviewing both parties' motions for summary judgment (Doc. 20, 21), and the supporting documents, the Court observed that the parties agreed that Plaintiff had appealed from a denial of Social Security disability benefits, and that Plaintiff had not received a decision on his appeal to the Appeals Council, Office of Hearings and Appeals. This Court subsequently entered two Orders (Doc. 38, 46) requesting information regarding the status of Plaintiff's Social Security appeal and its impact on ripeness. In an affidavit dated November 16, 2006, counsel for Plaintiff in this action has advised that Plaintiff, acting *pro se,* requested and received a dismissal of his Social Security appeal. Doc. 48. Counsel for Plaintiff in his affidavit further advised that counsel for Plaintiff in the Social Security appeal attempted to reinstate the Social Security appeal but the Social Security Administration was unwilling to reinstate the appeal, and the matter was dismissed with no adjudication from the Social Security Administration. The United States in its Status Report (Doc. 39) requests that the Court dismiss the case before this Court on the grounds that Plaintiff's lawsuit no longer states a claim upon which he may prevail due to his voluntary withdrawal of the Social Security appeal. For the reasons set forth in this Memorandum Opinion, the Court is granting summary judgment in favor of the United States.

## DISCUSSION

Although the United States' request for dismissal is worded as a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), since the Court has requested, been presented with, and considered matters outside the pleadings, and since summary judgment motions are pending, this Court will dispose of this matter as provided in Rule 56 of the Federal Rules of Civil Procedure for summary judgment. *See Blair v. Wills*, 420 F.3d 823, 826-827 (8th Cir. 2005); FED.R.CIV.P. 12(c). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Plaintiff, in his verified Complaint, alleges that he is a Vietnam veteran, who was injured in service related accidents in Vietnam and South Dakota during the time he served in the United States Army from October of 1963 until December of 1964, and from March of 1967 until March of 1970. Plaintiff had been receiving compensation from his military disability at a 100% total disability rating until Plaintiff's disability rating was reduced to 30% in 1977. The decision reducing

the disability rating was overturned in 2002 when Plaintiff was determined to be 100% military disabled. Plaintiff alleges that the V.A. lost 22 years of his medical records. Plaintiff contends that he cannot get Social Security disability benefits because of the loss of his medical records.

The United States concedes that on June 11, 2001, the V.A .completed processing Plaintiff's request for all of Plaintiff's V.A. medical records from1970 and found that medical records were missing. Plaintiff was given a copy of all V.A. medical records on file at the Sioux Falls V.A. Medical Center, but these records contained minimal records from 1970 through 1992. The minimal records include only summaries of Plaintiff's pre-1992 medical records and not the day to day diagnosis, treatment, and related records. There is no claim of a fire or natural disaster at the Sioux Falls facility or other V.A. facilities that could account for the loss of the Plaintiff's pre-1992 medical records[1]. Although Plaintiff alleges in his verified complaint that the V.A. accused him of stealing his records, the United States makes no such accusation in this action.

In September of 2002, Plaintiff applied for disability benefits with the Social Security Administration. Plaintiff contends that the Social Security Administration only received six summaries of the Plaintiffs pre-1992 medical records, not the specific records of his diagnosis, tests, and treatment. The Plaintiff believes he has been unable to work since May 1, 1970. Plaintiff was initially denied disability benefits by the Social Security Administration on January 27, 2003. On April 8, 2003, a redetermination again resulted in denial of disability benefits to Plaintiff. Plaintiff appealed the redetermination affirmance and had a hearing before the Administrative Law Judge Robert Maxwell, Office of Hearings and Appeals, on November 20, 2003.

Plaintiff alleges he needed all his pre-1992 medical records to adequately support his 2002 application for disability with the Social Security Administration. The decision from the Administrative Judge, Office of Hearings and Appeals, lists as evidence, Exhibit 4F, 472 pages of Medical Records from the V.A. Medical Center dated 9/8/70 - 6/18/03. However, the opinion states that the only medical evidence in the record relating to the period of time from Plaintiff's alleged disability onset date of May 1, 1970, through his date last insured of June 30, 1997, was contained

[1].During the 1970s and 1980s, Plaintiff used his given first name (Lloyd) and a number of different last names, including St. James, Lightfoot, and Locklear. Plaintiff, however, did not change his Social Security Number or his V.A. claim number.

in Exhibit 1F. Exhibit 1F, Medical Records covering10-19-69 to 11-28-80 from the Royal C. Johnson Veterans Memorial Hospital in Sioux Falls, South Dakota, is a 13- page exhibit.

In Finding No. 4 of the Decision from the Office of Hearings and Appeals, the Administrative Law Judge stated:

> Testimony of the claimant as to the presence and severity of various impairments alleged, including pain, with resultant functional limitations from May 1, 1970, through June 30, 1977, his date last insured, was highly exaggerated, generally not credible, and not substantially supported by medical evidence and opinion in record considered in its entirety,

Plaintiff contends that it is because of the lack of pre-1992 medical records that the Administrative Law Judge discounted his credibility and physical and mental complaints. Although Plaintiff appealed the Administrative Law Judge's decision to the Appeals Council, Plaintiff had not received a decision on his appeal to the Appeals Council at the time Plaintiff caused the dismissal of his Social Security action.

Plaintiff submitted a Standard Form 95 claim to the V.A. pursuant to 28 C.F.R. § 14.2. After the V.A. denied Plaintiff's claim, Plaintiff brought this action pursuant to the Federal Tort Claims Act. Although Plaintiff in *pro se* correspondence to the Court (Doc. 49, 50) refers to nine other claims against the V.A.[2], and although Plaintiff's Standard Form 95 claim to the V.A. may have been more extensive than the complaint in the case at hand, in the case at hand, Plaintiff has filed a one-count complaint alleging "negligence per se" for negligent placement of his medical records.

**WHETHER THE UNITED STATES IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION?**

Plaintiff contends that the Health Insurance and Portability Accountability Act, the Privacy Act, the Freedom of Information Act, and 38 U.S.C. § 5702[3] establish record keeping requirements

---

[2]Although Plaintiff alleges in his verified Complaint that a female VA employee was intimidated by him because he is an American Indian, and that a VA supervisor called him "a lazy Indian looking for something for nothing," Plaintiff has not set forth a cause of action for race discrimination.

[3] 38 U.S.C.A. § 5702 provides:
(a) Any person desiring a copy of any record, paper, and so forth, in the custody of the Secretary that may be disclosed under section 5701 of this title must submit to the

for veterans' records. Plaintiff also contends that it was negligence per se to violate the statutory duty to provide for the collection and safe-keeping of veterans' records and to provide those records to a veteran upon request. Plaintiff further contends that but for the negligence of the V.A. in losing his records, it is likely, or at least more likely than not, that the Social Security Administration would have approved Plaintiff's request for disability benefits from June 30, 1977, to the present.

Plaintiff has presented a cause of action for third party negligent spoilation of evidence. The South Dakota Supreme Court has not determined whether South Dakota recognizes such a cause of action as an independent tort or under a negligence theory. A majority of jurisdictions that have been presented with the issue have declined to recognize the cause of action for third party negligent spoilation of evidence. *See generally, Negligent Spoilation of Evidence, Interfering with Prospective Civil Action, as Actionable*, 101 A.L.R.5h 61, §4[b] (2002). Assuming, without deciding, that the South Dakota Supreme Court would recognize third party negligent spoilation of evidence as an independent tort or under a negligence theory, and that the statutes relied upon by Plaintiff establish a duty to preserve the evidence in issue, Plaintiff cannot prove his case as a matter of law since he has caused his Social Security disability case to be dismissed before the Social Security Administration made a final determination on his claim.

Whether considered as an independent tort or under a negligence theory, a third party negligent spoilation of evidence cause of action requires that the Plaintiff prove the existence of a pending or potential civil cause of action and the inability to prove that cause of action because of

---

Secretary an application in writing for such copy. The application shall state specifically--

(1) the particular record, paper, and so forth, a copy of which is desired and whether certified or uncertified; and
(2) the purpose for which such copy is desired to be used.

(b) The Secretary may establish a schedule of fees for copies and certification of such records.

the destruction of the evidence.[4] *See Jones v. O'Brien Tire and Battery Service Center, Inc.*, 322 Ill.App.3d 418, 752 N.E.2d 8 (2001); *Smith v. Atkinson*, 771 So.2d 429, 432 (Ala. 2000). Based on the record before this Court, this Court cannot conclude that the Administrative Law Judge ruled against Plaintiff on his disability claim because of the absence of the misplaced V.A. medical records. More importantly, this Court cannot and will not speculate as to what determination would have been made by the Social Security Administration's Appeals Council if Plaintiff had not caused the dismissal of his disability appeal.

Congress has directed that no findings of fact or decisions of the Social Security Administration be reviewed except as provided in the statutory review channels. *See* 42 U.S.C. § 405(h);[5] *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000). The fact that this case involves a spoilation claim regarding the V.A. as opposed to a straight forward review of a final decision of the Social Security Administration regarding Social Security benefits does not dissuade the Court from declining to speculate on the probable outcome of a social security benefits determination when the statutory review process was not completed. Accordingly,

**IT IS HEREBY ORDERED :**

(1) that Plaintiff's Motion for Summary Judgment (Doc. 20) is denied;

(2) that Plaintiff's *pro se* Motion for Order to end all motions (Doc. 42) is denied;

(3) that Plaintiff's *pro se* Motion for Reconsideration of the 9 other issues (Doc. 49) is

---

[4]Success in pursuing the underlying claim precludes a plaintiff from prevailing on a spoilation of evidence claim. *See Continental Ins. Co. v. Herman*, 576 So.2d 313 (Fla. App. 1990).

[5]42 U.S.C. § 405 (h) provides:
The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

denied; and

(4) that Defendant's Motions to Dismiss, or in the alternative, for summary judgment, (Doc. 21, 24, 39) are granted for the reasons set forth in this Memorandum Opinion.

Dated this 4th day of January, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: DEPUTY