UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
FEB 0 6 2007

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LLOYD GOINGS, an individual, | * | CIV 04-4028 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND OR ALTER A JUDGMENT |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In an action brought pursuant to the Federal Tort Claims Act, Plaintiff, Lloyd Goings, alleged negligence of the Department of Veteran Affairs in losing years of Plaintiff's medical records. Plaintiff contended that because of the lack of his pre-1992 medical records the Social Security Administrative Law Judge discounted his credibility and physical and mental complaints and denied him Social Security disability benefits. Although Plaintiff appealed the Administrative Law Judge's decision to the Appeals Council, Plaintiff caused the dismissal of his Social Security action before a decision had been issued on his appeal to the Appeals Council. The Court granted summary judgment in favor of the United States in a Memorandum Opinion and Order dated January 4, 2007, and entered judgment in favor of the United States.

The Plaintiff has filed a motion pursuant to FED.R.CIV.P. 59(e) for this Court to alter or amend its Judgment. Doc. 53. Plaintiff states that the basis for his motion is that the Court did not properly decide the issue of administrative exhaustion and that failure to reconsider will cause manifest injustice to Plaintiff.

Plaintiff relies on *Sims v. Apfel*, 530 U.S. 103 (2000), for his position that he was not required to exhaust his administrative remedies. In *Sims v. Apfel,* the United States Supreme Court considered whether a Social Security claimant waived judicial review of an issue because he failed to exhaust that issue by presenting it to the Appeals Council in his request for review. The Court

distinguished between issue exhaustion and exhaustion of remedies, and held that the latter is required before a claimant may seek judicial review. 530 U.S. at 107. The Court concluded, however, that "claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues." 530 U.S. at 112.

Unlike the Social Security claimant in *Sims v. Apfel*, Plaintiff failed to exhaust his administrative remedies. Although Plaintiff's case is not a direct review of a final decision of the Social Security Administration, Plaintiff's federal tort claim would require this Court to speculate on the probable outcome of the Social Security Administration's benefits determination when, because of Plaintiff's request for a dismissal, the statutory review process was not completed. Plaintiff has not presented authority which would persuade this Court to alter or amend its final judgment in this matter. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter or amend its Judgment (Doc. 53) is denied.

Dated this ____ day of February, 2007.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
　　　　　DEPUTY

2